```
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
--------------------------------------------------------X
Christine Nobles,
                                                              Civil Action No.: 1:14-cv-2154
                        Plaintiff,

        -against-                                             VERIFIED COMPLAINT AND
                                                              DEMAND FOR JURY TRIAL

Asset Acceptance, LLC,

                        Defendant.
--------------------------------------------------------X
```

Now comes Plaintiff Christine Nobles (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Asset Acceptance, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq*., commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Maryland, Baltimore County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Asset Acceptance, LLC ("Asset Acceptance") is a Delaware limited liability company conducting business from offices located at 601 Abbot Road, East Lansing Michigan, 48823.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7.     Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein

9.     In or around October 2012, Defendant commenced collection activities in an attempt to collect an alleged debt (referred to hereinafter as the "Alleged Debt") from Plaintiff originating from a personal credit card.

10.    Said debt includes $2,015 in principal, and fees and interest in excess of $8,000.

11.    Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

12.    In or around May 2013, Plaintiff became aware of an item reported on his credit report by Defendant.

13.    On or about May 21, 2013, Plaintiff sent a dispute letter to Defendant, disputing the Alleged Debt and requesting validation of the Alleged Debt.

14.    To date, Defendant has failed to provide proof that Plaintiff owes the Alleged Debt.

15.    Despite failing to validate the Alleged Debt, on or about November 26, 2013, Defendant Asset Acceptance filed a civil suit against Plaintiff in Maryland State Court in an attempt to collect the Alleged Debt.

16.    Said civil suit was subsequently dismissed on or about February 26, 2014, due to Defendant Asset Acceptance's inability to produce documentation showing Plaintiff owed the Alleged Debt.

17.     In or around May 2014, Defendant updated its item on Plaintiff's credit report.

18.     Defendant willfully failed to update the Plaintiff's credit report as disputed to reflect the accurate status of the debt.

19.     Defendant left its wrongful and incomplete information on the credit reports despite its knowledge of the dispute.

20.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIRST CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g(b))

21.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.     The Defendant's conduct violated 15 U.S.C. §1692g(a) in that Defendant continued collection activity despite failing to validate the Alleged Debt.

23.     Upon information and belief, to date, Defendant has not sent such a notice to Plaintiff.

24.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e)

25.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. The Defendant's conduct violated 15 U.S.C. §1692e in that the Defendants used false, deceptive and misleading representation and means in attempt to collect a debt.

27. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692e(8))

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's conduct violated 15 U.S.C. §1692e(8) in that Defendant communicated false credit information about Plaintiff by failing to report that Plaintiff's disputed debt was disputed

30. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(10))

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

32. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendants used false representation and deceptive means in attempt to collect the alleged debt.

33.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f(1)

34.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35.     The Defendant's conduct violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount not authorized by an agreement and not permitted by law.

36.     Specifically, Defendant continued collection activity on the Alleged Debt despite failing to validate the principal or accumulated fees.

37.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

38.     Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christine Nobles demands judgment against the Defendant Asset Acceptance, LLC as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.   For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
July 3, 2014

        Respectfully submitted,

        By:  /s/  Elizabeth Plank

        Attorney for Plaintiff
        Fredrick Schulman & Associates
        30 East 29TH Street
        New York, New York 10016
        Telephone (212)796-6053
        Fax (212) 951-7379
        Email: info@fschulmanlaw.com